**In re Amy FRITTS, Randy Steven Fritts, Debtors.**

**No. 00–12115–MAM–13.**

United States Bankruptcy Court, S.D. Alabama.

April 13, 2001.

———

James A. Johnson, Mobile, AL, for Debtor.

Joy Jaye, Mobile, AL, for SouthTrust Mortgage Company.

## ORDER DENYING MOTION TO REDUCE FILING INJUNCTION PERIOD

MARGARET A. MAHONEY, Chief Judge.

This matter is before the Court on the Motion of Debtors to reduce the injunction period for filing a new bankruptcy petition. The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. This is a core proceeding pursuant to 28 U.S.C. § 157(b) and the Court has the authority to enter a final order. For the reasons indicated below, the Court is denying Debtors' motion to reduce the injunction period.

### FACTS

Mr. and Mrs. Fritts filed for relief pursuant to chapter 13 of the Bankruptcy Code on May 31, 2000. On December 20, 2000, a hearing was held upon the Trustee's motion to dismiss the case for failure to make payments according to their plan. At the hearing this Court orally dismissed the Fritts' case with a 90–day injunction. The bench order is a Memorandum and Order containing two parts. The Memorandum contains the minutes of the hearing. They are dated December 20, 2000, which was the date of the hearing. The second part contains the Court's Order. It is dated December 22, 2000. Counsel for the debtors mistakenly thought that the date of the minutes was the operative date. The Court can see how the form could be confusing if not read carefully.

Mr and Mrs. Fritts filed a new petition on March 20, 2001. The debtors' attorney testified that he mistakenly believed that the 90–day injunction period began on the hearing date of December 20 and that the Fritts were eligible to file on March 20, 2001. On the morning of March 22, 2001,

having realized the mistake, debtors filed this motion requesting the injunction period be reduced to allow the Fritts' second filing. On the afternoon of March 22, SouthTrust Mortgage Co. held a foreclosure sale of the Fritts' homestead.

## LAW

The relief sought by the Debtors is to reduce the injunction period nunc pro tunc to the date filed. The new case has been assigned to a different judge and no motions concerning that filing are before this Court. This Court researched the point and can find no cases that have allowed an injunction to be reduced nunc pro tunc. The circumstances of this case might warrant the granting of the requested relief if there was authority to do so, since the debtors' homestead is at stake and no evidence was presented that debtors have abused the bankruptcy system. The debtors' attorney made an understandable mistake. However, this Court is aware of no basis upon which to grant a nunc pro tunc reduction of the injunction period.

Debtor's counsel has requested in the alternative that the new filing be deemed to have been filed at a later date. However, even if that would remedy the debtors' situation, the new case is not before this Court and cannot be modified by this Court. Such a request needs to be directed to the judge handling the new case.

THEREFORE, IT IS ORDERED AND ADJUDGED that the motion of Debtors, Amy and Randy Steven Fritts, to reduce the injunction period is DENIED.